UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re<br><br>CHARLES H. KINDRED, JR. AND C&M CONSTRUCTION, INC.,<br><br>Debtors. | Case No. 6:08-bk-02334-KSJ<br>Chapter 7 |
| ROBERT E. THOMAS, CHAPTER 7 TRUSTEE FOR THE ESTATE OF CHARLES H. KINDRED, JR. AND C&M CONSTRUCTION, INC.,<br><br>Plaintiff,<br>vs.<br><br>MICHAEL MURPHY, BARRY BENNETT and STANLEY WINES LAW FIRM, P.A.,<br><br>Defendants. | Adversary No. 6:08-ap-00171 |

MEMORANDUM OPINION PARTIALLY GRANTING
AND PARTIALLY DENYING DEFENDANTS' MOTIONS TO DISMISS

The plaintiff, Robert E. Thomas, is the Chapter 7 Trustee for two related bankruptcy cases filed by Charles H. Kindred, Jr. and C&M Construction, Inc. (collectively, the "Debtors"). On September 5, 2008, the trustee filed this adversary proceeding against Kindred's former business partner and attorney, Michael Murphy, asserting 13 Counts. The trustee also sues Murphy's former law firm, The Stanley Wines Law Firm, P.A. (the "Law Firm"), and one of its lawyers, Barry Bennett.

The defendants have filed two motions to dismiss (Doc. Nos. 15 and 18) the trustee's amended complaint (Doc. No. 11) asserting the allegations are time barred by the applicable statutes of limitation, the trustee lacks standing, and certain claims fail to state a cause of action.

For the reasons explained below, the Court will partially grant the motions to dismiss and dismiss with prejudice the Law Firm and Bennett as defendants in this adversary proceeding.

Courts reviewing motions to dismiss must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Financial Security Assur., Inc. v. Stephens, Inc., 450 F.3d 1257, 1262 (11th Cir. 2006) (citing Roberts v. Fla. Power & Light Co., 146 F.3d 1305, 1307 (11th Cir. 1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Financial Security, 450 F.3d at 1262 (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 (1957)). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is, as we have stated previously, 'exceedingly low.'" Financial Security, 450 F.3d at 1262 (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citing Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev., 711 F.2d 989, 995 (11th Cir. 1983))). "That said, 'while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Financial Security, 450 F.3d at 1262 (citing Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A, 1981))).

Construing the factual allegations of the trustee's amended complaint in the light most favorable to the plaintiff, the Court assumes that Murphy and Kindred started a business relationship in 2000, when Kindred visited Murphy seeking legal advice for Kindred's business, C&M Construction. At that time, Kindred was ill and was unable to operate C&M Construction by himself. Kindred hired Murphy, Bennett, and the Law Firm as his attorneys to handle the legal aspects of C&M Construction.

Later, Kindred and Murphy went into business together by creating three separate limited liability companies, Montana Construction, LLC (formed August 22, 2001), Cat & Mouse Investments, LLC (formed April 12, 2002), and Auburndale Storage, LLC (formed April 12, 2002) (collectively, the "LLCs"). Kindred and Murphy owned equal shares of each LLC. The applicable operating agreements designated Murphy as the sole manager of each LLC, even though the trustee asserts that the Law Firm, through Bennett or Murphy, assured Kindred that he and Murphy would share control equally. Kindred signed the operating agreements in reliance on this legal advice. The trustee now alleges that the defendants capitalized upon Kindred's illness and knowingly misrepresented the contents of the LLC operating agreements in order to induce Kindred to sign the agreements and lose managerial control of the businesses.

The trustee asserts that the defendants, as attorneys for C&M Construction, improperly effectuated transfers of six parcels of real property owned by C&M Construction between 2002 and 2005. Third parties obtained two of the parcels. Three parcels were transferred to one of the LLCs, the last of which involved property transferred from C&M Construction to Cat & Mouse, then from Cat & Mouse directly to Murphy, after which Murphy individually sold the property to a third party. Kindred allegedly did not consent to any of these transfers. He received no consideration for the transfers, although the defendants earned fees for their legal work, and, in Murphy's case, received sale proceeds. The trustee also alleges the defendants made various improper and substantial monetary transfers to benefit Murphy and harm Kindred or C&M Construction between 2003 and 2004.

Finally, the trustee alleges that in early 2007, Murphy caused Cat & Mouse to improperly stop making payments on a mortgage encumbering its real property. The lender started a foreclosure action, and the state court entered a summary judgment in its favor. Rather than proceed to foreclosure, Murphy convinced the lender to allow him to individually purchase the summary judgment. He eventually obtained title in his own name to the real property.

Even though Kindred signed many of the documents, such as the operating agreements and warranty deeds, needed to create the LLCs and to transfer the real property, the trustee asserts that Kindred did not discover, and could not reasonably have discovered, the defendants' misconduct until 2007,[1] because of: 1) the defendants' ongoing legal representation of Kindred; 2) the continuing nature of the misconduct; and 3) Kindred's mental and physical limitations. The trustee, however, ignores the letter attached as Exhibit O to his own complaint, dated April 7, 2006, in which another attorney for C&M Construction, Paul H. McLester, sent Murphy a civil theft demand letter containing allegations that Murphy had wrongfully taken funds belonging to C&M Construction. Therefore, *at the latest*, C&M Construction was on notice of improper actions by Murphy by April 7, 2006.

Similarly, Kindred had actual knowledge of improper actions by Murphy no later than August 21, 2006, when he served an answer in a lawsuit[2] brought by Murphy to dissolve the three LLCs. In this answer, Kindred's attorney raised many allegations identical to those

---

[1] The amended complaint lists the date of discovery as 2008; however, in the Trustee's Response to the instant motions to dismiss, he concedes that the relevant last date at which Kindred discovered the defendants' alleged bad actions was in 2007.

[2] On February 9, 2006, Murphy filed three separate actions in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, against Kindred and the three LLCs. The state court consolidated the three actions, which then were removed to this Court as Adversary Proceeding Number 08-119. On February 12, 2009, this Court, in turn, consolidated the dissolution actions with this adversary proceeding. Given the fact that the dissolution action initially brought in the state court is now pending before this Court and, indeed, is a consolidated portion of this very adversary proceeding, it is appropriate to take judicial notice of pleadings, such as Kindred's answer, filed in that litigation.

When determining motions to dismiss, a court "may take judicial notice of the public record including documents filed and the record in other judicial proceedings, without converting the motion to dismiss to one for summary judgment, 'because such documents are capable of accurate and ready determination.'" In re Gurley, 357 B.R. 868, 878 (Bankr. M.D. Fla. 2006) (citing Martin K. Eby Constr. Co., Inc. v. Jacobs Civil, Inc., 2006 WL 1881359 at *1 (Bankr. M.D. Fla. 2006)). Judicial notice of a particular fact is appropriate if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." U.S. v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing 21 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5104 at 485 (1977 & Supp. 1994)). "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." Jones, 29 F.3d at 1553 (internal citation omitted). Here, it is appropriate to take judicial notice of a pleading filed by Kindred in a proceeding currently pending before this Court.

asserted in this adversary proceeding. As such, *at the latest*, Kindred was on notice of improper actions by Murphy by August 21, 2006.

On June 12, 2007, Kindred and C&M Construction filed suit in the U.S. District Court for the Middle District of Florida, Tampa Division, against the defendants. The allegations and subject matter of the claims in this earlier federal action were nearly identical to those found in the trustee's amended complaint filed in this adversary proceeding. On June 10, 2008, the District Court dismissed the case without prejudice for lack of diversity jurisdiction.

On March 27, 2008, both Kindred and C&M Construction filed for Chapter 7 Bankruptcy relief in the U.S. Bankruptcy Court for the Middle District of Florida, Orlando Division.[3] On September 5, 2008, the trustee filed this adversary proceeding asserting the following counts:

| Count | Defendants | Legal Basis for Claim |
|---|---|---|
| 1. | Murphy | Accounting (with respect to C&M Construction) |
| 2. | Murphy | Accounting (with respect to the LLCs) |
| 3. | Murphy | Conversion |
| 4. | Murphy | Civil Theft |
| 5. | Murphy | Unjust Enrichment |
| 6. | Murphy, Bennett, the Law Firm | Breach of Fiduciary Duty (with respect to the monetary transfers) |
| 7. | Murphy | Breach of Fiduciary Duty (with respect to the default and foreclosure) |
| 8. | Murphy | Rescission of Deeds |
| 9. | Murphy | Rescission of Operating Agreements |
| 10. | Murphy, Bennett, the Law Firm | Legal Malpractice |
| 11. | The Law Firm | Negligent Supervision |

[3] On February 12, 2009, this Court ordered the Kindred and C&M Construction bankruptcy cases to be jointly administered under Case No. 6:08-bk-02334-KSJ.

| Count | Defendants | Legal Basis for Claim |
|---|---|---|
| 12. | Murphy | Declaratory Judgment (with respect to Kindred's estate's interest in the LLCs) |
| 13. | Murphy | Dissolution and Sale of the LLCs |

The motions to dismiss ask the Court to dismiss the trustee's claims in this adversary proceeding because:  1) the claims are barred by the applicable statute of limitations; 2) the trustee lacks standing to bring causes of action on behalf of the LLCs; or 3) the trustee has failed to state a cause of action upon which relief can be granted.

Relation Back Doctrine.  As an initial matter, the Court must decide when the claims asserted by the trustee were "filed" for statute of limitations purposes.  The trustee initiated this adversary proceeding by filing the original complaint on September 5, 2008, but he argues that, for statute of limitations purposes, the allegations "relate back" to the date Kindred and C&M Construction filed their federal complaint in Tampa on June 12, 2007.  Without doubt, both complaints involve the same parties, the same causes of action, and arise out of the same transactions and occurrences.  The trustee, however, ignores the fact that the District Court dismissed without prejudice the complaint pending before it on June 10, 2008, several months before this adversary proceeding was filed.   "Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations."  Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (citation omitted).  In other words, "once a suit is dismissed, even if without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'"  Bozeman v. Lucent Technologies, Inc., 378 F.Supp.2d 1348, 1352 (M.D. Ala. 2005) (quoting Ciralsky v. C.I.A., 355 F.3d 661, 672 (D.C. Cir. 2004) (citing Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) (holding that "a suit

dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed.”))). Consequently, for statute of limitations purposes, the filing of the claims contained in this adversary proceeding cannot “relate back” to any date earlier than the filing of the trustee’s original complaint on September 5, 2008.

Delayed Discovery Doctrine. Under Florida law, a cause of action accrues or begins to run when the last element of the cause of action occurs. An exception is made for claims of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse, in which the accrual of the causes of action is delayed until the plaintiff either knows or should know that the last element of the cause of action occurred. Davis v. Monahan, 832 So. 2d 708, 709 (Fla. 2002). Aside from those specified causes of action, “there is no other statutory basis for the delayed discovery rule.” Id. at 710. The Supreme Court of Florida has declined to extend the delayed discovery doctrine beyond these statutorily-prescribed exceptions. Id.

Here, the trustee asserts that Kindred and C&M Construction could not have discovered the defendants’ fraud and misconduct until 2007, due to: 1) the defendants’ ongoing legal representation of Kindred; 2) the continuing nature of the misconduct; and 3) Kindred’s mental and physical limitations. Yet, even giving the trustee the benefit of every inference in his favor to which he is entitled in rebutting a motion to dismiss, the Court simply cannot ignore Kindred’s answer raising nearly identical claims as those raised in this adversary proceeding served in the state court dissolution action on August 21, 2006, or C&M’s civil theft demand letter sent on April 7, 2006. Therefore, to the extent the plaintiff establishes at trial that the delayed discovery doctrine even applies,[4] for the purpose of ruling on the pending motions to dismiss, both C&M Construction and Kindred without question had *actual* notice of the alleged fraud and

[4] At trial, Murphy may establish that, as to the various allegations and transfers at issue, the delayed discovery doctrine does not apply or that C&M Construction and Kindred had actual knowledge or could have discovered the transfers earlier and, as such, the statute of limitations expired at an earlier date.

misconduct by August 21, 2006. The applicable statute of limitations starts, *at the latest*, on that date, much earlier than the trustee's assertion of a date in 2007.

Statute of Limitations. The limitations periods for each of the 13 Counts raised by the trustee vary in length. Counts 10 and 11, raising legal malpractice and negligent supervision claims, are actions for professional malpractice and are subject to a two-year statute of limitations period. Fla. Stat. Section 95.11(4)(a). The other counts all have either a four- or five-year statute of limitation period.[5] Because the trustee cannot rely on the relation back doctrine, the applicable filing date is the date that this adversary proceeding was filed—September 5, 2008. The trustee can only assert those claims held by Kindred and C&M Construction, who, at the latest and even assuming the delayed discovery doctrine applies, had actual notice of these claims by August 21, 2006, a date more than two years before this adversary proceeding was filed. As such, for counts with a two-year statute of limitation period, the trustee's claims are time barred. Clearly, Counts 10 and 11 are time barred and will be dismissed with prejudice.

In addition, Count 6 is time barred as it applies to the Law Firm and Bennett. Count 6 asserts that all three defendants breached the fiduciary duty owed to either Kindred or C&M Construction. Typically, a count asserting a breach of fiduciary duty carries a four-year statute of limitation. Fla. Stat. Section 95.11(3). However, as to the Law Firm and Bennett, the breach of fiduciary duty claim is merely duplicative of the professional malpractice claim raised in Count 10. Section 95.11(4)(a) of the Florida Statutes states that a two-year statute of limitations applies to any "action for professional malpractice, other than medical malpractice, whether founded on contract or tort…" The trustee fails to make any allegation that the Law Firm or Bennett owed any fiduciary duty to Kindred or C&M Construction in any capacity other than as

---

[5] Count 6, raising claims for breach of fiduciary duty, is a hybrid claim. The applicable statute of limitations varies depending upon the type of fiduciary duty breached. A longer discussion of Count 6 will follow later in this Memorandum Opinion.

attorneys providing legal advice. Consequently, with respect to Bennett and the Law Firm, the claim is time barred under the applicable two-year statute of limitations.

The Court will grant the Law Firm's and Bennett's Motion to Dismiss (Doc. No. 18). Counts 6, 10, and 11 filed against them shall be dismissed with prejudice. Because no other count relates to Bennett or the Law Firm, those parties are dismissed from this adversary proceeding.

Murphy, however, did owe Kindred and C&M Construction a duty over and above that of acting as their attorney. He also was a business partner of Kindred—a 50/50 owner and the managing member of the three LLCs. To the extent that Count 6 alleges a breach of fiduciary duty against Murphy in his capacity as co-owner and manager of the LLCs, the action is subject to a four-year statute of limitations. Fla. Stat. Section 95.11(3). Assuming for the purposes of these motions to dismiss that the delayed discovery doctrine applies at least through August 21, 2006, Count 6 is not time barred. The Court will not dismiss Count 6 as to Murphy, to the extent that the trustee establishes a breach of fiduciary duty separate and apart from Murphy's fiduciary duties as a lawyer. Similarly, as to the other counts, all having either four- or five-year statutes of limitations, the Court will deny Murphy's motion to dismiss (Doc. No. 15).

<u>Standing</u>. Murphy next argues that the trustee lacks standing to assert claims on behalf of the LLCs. However, the argument is premised on the conclusion that the LLCs were properly created and valid limited liability companies. The trustee is challenging this assumption in other counts. For example, in Count 9, the trustee seeks to rescind the operating agreements and assume managerial control of each of the LLCs. If the trustee succeeds in this argument, he could establish standing to assert claims on behalf of the LLCs. As such, the Court will deny Murphy's motion to dismiss on this ground.

Failure to State a Claim. Count 4 is a count for civil theft. As a condition precedent to bringing any action for civil theft, the party claiming injury must make a written demand upon the allegedly liable party. Fla. Stat. Section 772.11(1). On April 7, 2006, C&M Construction sent Murphy a civil theft demand letter complying with this condition precedent. Neither Kindred nor any of the LLCs ever sent a similar demand letter. As such, they failed to comply with the statutorily required precondition to filing a claim. The Court will deny Murphy's motion to dismiss Count 4 in connection with the trustee's claim made on behalf of C&M Construction. The Court however, will grant Murphy's motion to dismiss Count 4 as to Kindred and the LLCs.

A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on June 5, 2009.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Plaintiff: Robert E. Thomas, PO Box 5075, Winter Park, FL 32793-5075

Counsel for Plaintiff: Frank M. Wolff, Wolff Hill McFarlin & Herron PA, 1851 W. Colonial Drive, Orlando, FL 32804

Defendant: Michael Murphy, PO Box 3580, Winter Haven, FL 33885

Counsel for Defendant: Andrea Teves Smith, Peterson & Myers, PA, PO Box 24628, Lakeland, FL 33802-4628

Defendant: Stanley Wines Law Firm PA, PO Box 860, Winter Haven, FL 33880

Defendant: Barry Bennett, 106 Avenue F, SW, Winter Happen, FL 33880

Counsel for Defendants: Vincent S. Gannuscio, Cole Scott & Kissane PA, 5201 W. Kennedy Blvd., Suite 750, Tampa, FL 33611